OPINION
{¶ 1} Darrell Moore appeals from a judgment of the Montgomery County Court of Common Pleas, which refused to certify a class action lawsuit.
 {¶ 2} The underlying facts are undisputed. CM Properties operates numerous large apartment complexes in Ohio, and it uses standardized lease and pet agreements at these complexes. In 1999, Moore leased an apartment in Centerville from CM Properties. During the course of the lease, Moore obtained a cat, and CM Properties required him to pay a one time, non-refundable pet fee of $250. It also increased his monthly rent. At the termination of the lease, CM Properties did not refund the pet fee.
 {¶ 3} In August 2001, Moore filed a complaint against CM Properties on the ground that the pet fee had been a security deposit and that CM Properties had failed to refund the fee or itemize the damages for which it was withholding the fee as required by R.C. 5321.16(B). Moore sought damages as provided by statute. The trial court concluded that the pet fee was designed to recoup costs of property damage caused by pets and thus was a security deposit subject to R.C. 5321.16(B). The trial court granted summary judgment to Moore on the issue of CM Properties' liability for the pet fee.
 {¶ 4} In April 2002, Moore filed a motion to certify as a class all persons who had rented from CM Properties' complexes in Ohio during a specified period, had paid non-refundable pet fees, and had had those fees withheld in whole or in part upon termination of the lease without regard to wear and tear on the property. The trial court overruled this motion, and Moore filed a notice of appeal pursuant to R.C. 2505.02(B)(5). Moore raises one assignment of error on appeal.
 {¶ 5} "The Court Below Erred To The Prejudice Of Appellant In Denying His Motion For Class Certification."
 {¶ 6} Moore claims that the trial court abused its discretion in denying his motion for class certification.
 {¶ 7} A trial court has broad discretion in determining whether a class action may be maintained. Baughman v. State Farm Mut. Auto. Ins.Co., 88 Ohio St.3d 480, 483, 2000-Ohio-397. However, any doubts a trial court may have as to whether the elements of class certification have been met should be resolved in favor of upholding the class. Id.
 {¶ 8} CM Properties apparently concedes that the requirements of Civ.R. 23(A) were satisified, i.e. that joinder of all members of the class was impracticable, that there were common questions of law or fact, that Moore's claim was typical of the class, and that Moore could fairly and adequately represent the proposed class. The parties disagree, however, about whether the predominance and superiority requirements of Civ.R. 23(B) were established. The trial court found that the predominance requirement had not been established.
 {¶ 9} Civ.R. 23(B)(3) provides that a class action may be maintained if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The predominance requirement will be satisfied "where there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." Baughman,88 Ohio St.3d at 489. For common questions of fact or law to predominate, they must not only exist, but they must also represent a significant aspect of the case and be capable of resolution for all members of the class in a single adjudication. Marks v. C.P. Chemical Co., Inc. (1987), 31 Ohio St.3d 200,204. The supreme court has held that cases involving the use of form documents, standardized practices and procedures, and common omissions present the classic cases for treatment as a class action. Cope v. Metro.Life Ins. Co., 82 Ohio St.3d 426, 430-431, 437, 1998-Ohio-405; Hamiltonv. Ohio Sav. Bank, 82 Ohio St.3d 67, 80, 1998-Ohio-365; Carder Buick-OldsCo., Inc. v. Reynolds Reynolds, Inc., 148 Ohio App.3d 635,2002-Ohio-2912, at ¶ 45.
 {¶ 10} In our view, the question of whether the pet fees collected by CM Properties constituted security deposits was readily capable of resolution on a class-wide basis. CM Properties' vice president conceded in his deposition that the lease and pet agreement forms used by the company were the same at all of the complexes throughout Ohio. CM Properties also seems to concede that none of the pet fees it collected were refunded and that there had been no significant variations in the pet agreement during the period in question with the possible exception of the amount of the fee collected. Moreover, the trial court's finding that the fee was a security deposit was not tied to any facts specific to this case, but to the undisputed purpose of the fee. Under these circumstances, it is hard for us to imagine a case more amenable to class certification on the issue of liability.
 {¶ 11} The trial court denied class certification because of the need for "individualized determination of damages" insofar as a tenant's entitlement to a refund of the pet fee would be tied to whether the tenant's pet had caused damage to the property, the amount of that damage, and the amount of the fee. The supreme court, however, has held that differences in damages among members of a proposed class should not automatically prevent class certification. "[W]e have specifically held, in accordance with the overwhelming weight of authority, that `a trial court should not dispose of a class certification solely on the basis of disparate damages.'" Hamilton, 82 Ohio St.3d 67, 81, citing Ojalvo v.Ohio State Univ. Bd. of Trustees (1984), 12 Ohio St.3d 230, 232. Where, as here, the calculation of damages is not particularly complicated, a trial court acts unreasonably in denying class certification on the basis of variations in damages. Id.; Carder, 148 Ohio St.3d 635,2002-Ohio-2912, at ¶ 55.
 {¶ 12} The trial court relied on Pool v. Insignia ResidentialGroup, Hamilton App. No. C-010074, 2002-Ohio-192, in finding that Moore had not satisfied the requirements of Civ.R. 23(B)(3). The facts in Pool
were very similar to the facts here. In Pool, the trial court found that "making a determination for each individual as to the amount properly credited as a security deposit less any damages would require a hearing for each individual and would `tremendously burden and tax court's resources.'" Id. The appellate court found that the court had not abused its discretion in reaching this conclusion. The trial court cited the individual determination of factors such as whether statute of limitations had run, whether tenants had provided forwarding addresses to the landlord, and whether tenants had been entitled to refunds as evidence of the burdensome nature of treating the case as a class action.
 {¶ 13} We do not know the nuances of the evidence before the court in Pool, but it seems to us that the individualized determinations required herein could be readily ascertained from the landlord's documentary records. As to each class member, the court would be required to determine the amount of the pet fee, the amount of damage to the premises at the end of the lease, and whether the tenant had provided CM Properties with a forwarding address. This information should be in CM Properties' records. We thus doubt that a hearing would be necessary reqarding the damages of each class member, as the court in Pool
suggested. We are unpersuaded that the effort involved in determining the damages of each class member would outweigh the economies of treating this case as a class action. Moreover, we cannot reconcile the rationale in Pool with the supreme court's holding in Hamilton that a trial court should not dispose of a class certification solely on the basis of disparate damages unless the computation of damages is particularly complicated. We see no evidence of that here.
 {¶ 14} Accordingly, we conclude that the trial court acted unreasonably in denying Moore's motion for class certification.
 {¶ 15} The assignment of error is sustained.
 {¶ 16} The judgment of the trial court will be reversed with respect to the class certification, and the matter will be remanded for further proceedings.
FAIN, P.J. and YOUNG, J., concur.